IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02274-CNS

T.E.,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

## ORDER

Plaintiff T.E.[1] seeks disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act for a combination of impairments related to posttraumatic stress disorder and major depressive disorder (ECF No. 1 at 1 ¶ 4). T.E. filed this lawsuit for judicial review of the final decision by the Social Security Administration Commissioner (the Commissioner) denying his benefits claim. Exercising jurisdiction under 42 U.S.C. § 405(g), the Court AFFIRMS in part and REVERSES in part the Commissioner's denial of benefits, and REMANDS for further analysis.

## I. BACKGROUND

A brief summary of the relevant background facts suffices. T.E. was born in 1987 (*see, e.g.,* Administrative Record (A.R.) at 64). Throughout his life, T.E. suffered and survived various

---

[1] Pursuant to D.C.COLO.L.APR 5.2(b), Plaintiff T.E. is identified by his initials only.

1

traumas (*see, e.g.,* A.R. at 547, 758). T.E. was diagnosed with posttraumatic stress disorder, anxiety, depression, and obsessive-compulsive disorder (*see* A.R. at 663, 680, 822). T.E. has been seen by many physicians for complications related to these diagnoses, and takes various medications for them (*see, e.g.,* A.R. at 502, 673-79). In February 2020, T.E. was given a psychological examination by Justin Barry, PsyD (A.R. at 757). Dr. Barry determined that the examination "suggest[ed] significant depressive and anxious symptoms interfering significantly with functioning," and concluded that T.E. suffered from major depressive disorder (A.R. at 765-66). According to Dr. Barry, T.E. would benefit from continued psychiatric services and individual psychotherapy, "extended training opportunities for new tasks" to enhance T.E.'s understanding and learning, and that T.E. had "[s]ignificant, current difficulties in activating to work" (A.R. at 763, 767-77).

T.E. applied for disability insurance benefits and supplemental security income in January 2019, alleging a disability onset date of November 22, 2017 (*see, e.g.,* A.R. at 236). He was initially denied benefits in May 2019 (*see, e.g.,* A.R. at 10). He requested reconsideration of his application; the Social Security Administration denied reconsideration of T.E.'s claim in December 2019 (*see, e.g., id.*). T.E. then requested a hearing before an Administrative Law Judge (ALJ), and the ALJ held a hearing regarding T.E.'s claim in April 2021 (*id.*). Following the hearing, the ALJ issued a written order denying T.E.'s application, concluding T.E. was not "under a disability" as defined in the Social Security Act during the relevant period (A.R. at 11). T.E. requested review of the ALJ's decision, which the Social Security Appeals Council denied in June 2021 (*see* A.R. 1-5). T.E. timely sought review in this Court (ECF No. 1).

## II. LEGAL STANDARD AND STANDARD OF REVIEW

An individual is disabled under the Social Security Act if they are unable to do "any substantial gainful activity" due to any medically determinable physical and/or mental impairment that can be expected "to last for a continuous period of not less than 12 months." *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). An individual bears the initial burden of establishing their disability. *See id.* at 1062. To determine whether an individual is disabled, courts use a five-step, sequential analysis that considers whether the individual:

(1) is currently engaged in "substantial gainful activity";

(2) has a "severe" impairment or impairments;

(3) the impairment or impairments equals one of the impairments listed in the appendix of the relevant disability regulation;

(4) the impairment or impairments prevent the individual from doing their past work; and

(5) has the "residual functional capacity" to perform other work in the national economy

*Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) (citing 20 C.F.R. § 404.1520(a)(4)).  If the individual "is not considered disabled at step three, but has satisfied their burden at steps one, two, and four, the burden shifts to the Commissioner" to show the individual has the residual functional capacity (RFC) to perform other work in the national economy while considering their age, education, and work experience. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

The Court reviews the Social Security Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See, e.g.*, *Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence"

is evidence that is sufficient, based on the entire record, to support the ALJ's factual determinations. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2022). A district court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," but will "not reweigh the evidence or retry the case." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). The threshold for this "evidentiary sufficiency is not high," and requires only enough evidence that a reasonable person might accept as adequate to support the ALJ's decision. *Id.* Nonetheless, a decision is not based on substantial evidence if it is "overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (quotation omitted).

### III. ANALYSIS

Having reviewed the administrative record, the parties' briefs, and relevant legal authority, the Court affirms in part and reverses in part the Commissioner's denial of benefits. T.E. seeks reversal or remand of the Commissioner's decision on two bases, which the Court considers in turn.

**A. Dr. Barry's Opinion**

T.E. argues that the ALJ reversibly erred in failing to mention or articulate the persuasiveness of Dr. Barry's medical opinions contained in his report regarding T.E.'s psychological examination (ECF No. 13 at 9). The Commissioner contends that the ALJ did discuss Dr. Barry's report, and moreover that Dr. Barry's report does not constitute a "medical opinion" as defined under the governing regulations (ECF No. 17 at 15). Although Dr. Barry's report constitutes other medical evidence, rather than a "medical opinion," the Court agrees with T.E. that the ALJ erred in failing to adequately consider Dr. Barry's report.

4

First, because T.E. filed his application after March 27, 2017, it is subject to the current regulations regarding ALJs' assessment of medical opinions. *See, e.g., Roy o/b/o Helton v. Comm'r, SSA*, No. 22-5036, 2022 WL 17726702 at *3 (10th Cir. Dec. 16, 2022). 20 C.F.R. § 404.1513(a) distinguishes "medical opinions" from "other medical evidence." A "medical opinion" is a statement from a medical source "about what [a claimant] can still do despite [his or her] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions in the . . . ability to perform physical demands of work activities . . . including manipulative or postural functions[.]" *Roy o/b/o Helton*, 2022 WL 17726702 at *3 (quoting 20 C.F.R. § 404.1513(a)(2)(i)). "Other medical evidence" is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [the claimant's] impairments." *Id*. (quoting 20 C.F.R. § 404.1513(a)(3)).

Dr. Barry's medical report constitutes "other medical evidence" (AR 757-69). *See also* § 404.1513(a)(3). In his report, Dr. Barry does not provide "any particular manipulative limitations or address what [T.E.] could still do despite" his diagnoses. *Roy o/b/o Helton*, 2022 WL 17726702, at *3 (quotations omitted). Dr. Barry's report—although thorough—is composed of "clinical observations regarding the nature and severity" of T.E.'s diagnoses and conditions, including an assessment of T.E.'s cognitive abilities under various tests such as the Wechsler Adult Intelligence Scale-Fourth Edition (WAIS-IV) (AR at 769). *See also Roy o/b/o Helton*, 2022 WL 17726702, at *3. For these reasons, the Court agrees with the Commissioner that Dr. Barry's report constitutes other medical evidence rather than a medical opinion as defined under the governing regulation (ECF No. 17 at 16). *See also* § 404.1513(a).

Second, given that Dr. Barry's report constitutes other medical evidence, the ALJ was not required to consider the "medical opinion" factors. *See M.H. v. Kijakazi*, No. 1:21-CV-01797-CNS, 2023 WL 2401063, at *5 (D. Colo. Mar. 8, 2023) ("The ALJ is not required to articulate the persuasiveness of other medical evidence with reference to supportability and consistency."). Nonetheless, the ALJ was required to at the very least note that Dr. Barry's report contained evidence beyond its WAIS-IV test summary, which the ALJ concluded supported her disability assessment (*Compare* AR at 18-19 and 769, *with* AR at 757-768). *See also Roy o/b/o Helton*, 2022 WL 17726702, at *3–4 (concluding that ALJ did not err in analysis of statement that constituted "other medical evidence" rather than a "medical opinion" where the ALJ "*specifically noted* [the] statement, but then noted over evidence from [the] records that supported the ALJ's assessment" (emphasis added)). At bottom, the Court agrees with T.E. that the ALJ failed to discuss all but one page of Dr. Barry's report (*see* ECF No. 13 at 8-9).[2] And even though Dr. Barry's report constitutes "other medical evidence," the ALJ erred in failing to consider or at least note the existence of Dr. Barry's remaining opinions contained in the report when making his RFC assessment, regardless of whether the ALJ may ultimately conclude that they are persuasive or consistent with other medical evidence or medical opinions in the record. *See Roy o/b/o Helton*, 2022 WL 17726702, at *3–4; *see also Bryant v. Comm'r, SSA*, 753 F. App'x 637, 641–43 (10th Cir. 2018).

### B. Consistency & Subjective Testimony

T.E. argues that the ALJ erred because the ALJ "did not properly evaluate consistency factors pursuant to SSR 16–3p" in determining whether T.E. was disabled (ECF No. 13 at 11). The

---

[2] In urging affirmance, the only excerpts of Dr. Barry's report that the Commissioner cites as discussed by the ALJ in his written order are the results of T.E.'s WAIS-IV testing, which the ALJ noted "twice" (ECF No. 17 at 15; *see also* AR at 18-19).

Commissioner contends that the ALJ's finding that T.E.'s subjective complaints were inconsistent with the record is supported by substantial evidence (*see* ECF No. 17 at 12). The Court agrees with the Commissioner.

In determining whether an individual is disabled, an ALJ must consider the individual's subjective symptom statements and pain testimony. *See, e.g.,* 20 C.F.R. § 404.1529; *see also Deherrera v. Comm'r, SSA*, 848 F. App'x 806, 809 (10th Cir. 2021) (citing Social Security Ruling (SSR) 16–3P, 2017 WL 5180304, at *7–8 (Oct. 25, 2017)). The ALJ must also consider the "extent to which [the individual's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." § 404.1529(a); *see also Alarid v. Colvin*, 590 F. App'x 789, 796 (10th Cir. 2014) ("[T]he regulations empower and require the ALJ to determine which symptoms are reasonably consistent with the objective medical evidence."). Although an ALJ is obligated under the governing regulations to consider specific factors in assessing an individual's subjective symptom statements and pain testimony, the ALJ is not required to discuss each of these factors specifically in assessing the individual's alleged disability. *Compare* 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), *with* SSR 16–3P, 2017 WL 5180304, at *8. Fundamentally, "an ALJ need not engage in 'a formalistic factor-by-factor recitation of the evidence' when evaluating the functional effects of a claimant's subjective symptoms." *Deherrera*, 848 F. App'x at 809–10 (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

T.E. identifies several statements regarding his limitations and symptoms that he contends the ALJ erroneously failed to consider—for instance, his inability to "take care of his personal health" on "a bad day," and testimony that some days "he cannot get out of bed and does not function" (ECF No. 13 at 11 (citing A.R. at 300-01)). Furthermore, T.E.'s argument goes, the ALJ

7

failed to adequately explain why he rejected T.E.'s subjective symptom statements in determining that T.E. was not under a disability (ECF No. 13 at 12; *see also* A.R. at 11). Not so. The Court agrees with the Commissioner that the ALJ sufficiently considered T.E.'s subjective statements, the extent to which they were inconsistent with medical and other evidence, and—citing the relevant regulations—many of the relevant "symptom" factors (ECF No. 17 at 12-14; A.R. at 16-20). *See also* §§ 404.1529(c)(3) and 416.929(c)(3); SSR 16–3P, 2017 WL 5180304, at *8. In doing so, the ALJ satisfied his regulatory obligations, and substantial evidence supports the ALJ's finding that T.E.'s "reported limitations" were inconsistent with medical and other evidence (A.R. at 19). *See Deherrera*, 848 F. App'x at 809–10; *see also Biestek*, 139 S. Ct. at 1154. And to the extent that T.E. invites the Court to reweigh the evidence, the Court declines T.E.'s invitation. *See, e.g., Flaherty*, 515 F.3d at 1070.[3]

## IV. CONCLUSION

Consistent with the above analysis, the Court AFFIRMS in part and REVERSES in part the Commissioner's decision denying T.E. disability insurance benefits, and REMANDS for further proceedings consistent with this Order.

---

[3] T.E. also states—in a passing sentence—that it is "unclear why" certain third parties' statements "were not adopted" (ECF No. 13 at 12). Even if T.E.'s statement may be construed as argument, the Court declines to consider it. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); *see also Cardoza-Estremera v. Berrios*, No. CV 16-2318 (ADC), 2017 WL 3098089, at *2 (D.P.R. July 20, 2017) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." (citation omitted)). T.E.'s efforts to develop this argument in his Reply brief are unavailing. *See Pub. Serv. Co. of Colorado v. Bd. of Cnty. Commissioners of San Miguel Cnty.*, No. 04-CV-01828-REB-CBS, 2006 WL 8454233, at *1 (D. Colo. Jan. 27, 2006) ("[I]t is inequitable and improper for a party, although raising the bare bones of an argument in its opening brief, to reserve a fully developed presentation of that argument for the reply, when the opposing party has no meaningful opportunity to respond.").

DATED this 28th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge