IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02274-CNS

T.E.,

    Petitioner,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security

    Respondent.

**ORDER**

Before the Court is Petitioner's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA") (ECF No. 24). For the reasons set forth below, Petitioner's Motion is GRANTED.

## I. BACKGROUND

This civil action arises from Petitioner's application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act for a combination of impairments related to post-traumatic stress disorder and major depressive disorder (ECF No. 1 at ¶ 4). The Court has previously described the background of the case in full (*see* ECF No. 21 at 1–2). The Court affirmed in part and reversed in part the Respondent's denial of benefits and remanded for further analysis (*id.* at 1).

On June 15, 2023, Petitioner filed a motion for award of attorneys' fees pursuant to the EAJA (ECF No. 24 at 1). The motion is now fully briefed, and the Court finds that a hearing would not materially assist in its resolution of this matter.

1

## II.  LEGAL STANDARD

Pursuant to the EAJA, a court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C § 2412(d)(1)(A). The burden of proof is on the government to show that the underlying agency action is substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). A position is justified if it has a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

To be eligible for fees under the EAJA, (1) the petitioner must be the "prevailing party"; (2) the position of the United States must not be "substantially justified"; and (3) there must be no special circumstances that make an award of fees unjust. *Hacket v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007); *Sanders v. Astrue*, 287 F.App'x 721, 723-24 (10th Cir. 2008).

The EAJA was enacted with the purpose of removing the financial disincentive for individuals challenging or defending against government action and encouraging challenges to improper government action as a means of helping formulate better public policy. *See, e.g., Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) ("[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions.") (citation omitted).

## III.  ANALYSIS

The Court has considered Petitioner's Motion, related briefing, and relevant legal authority. For the following reasons, the Court grants Petitioner's Motion.

2

### A. Petitioner Satisfies Preliminary EAJA Requirements

To be eligible to recover fees under the EAJA, the petitioner must be the prevailing party and there must be no special circumstances that make an award of fees unjust. It is undisputed that Petitioner meets both of these requirements (*see* ECF No. 25).

First, in the underlying Social Security appeal, the Court issued an Order pursuant to sentence four,[1] which is a final judgment that ends the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991). Thus, Petitioner is the prevailing party. Second, it is undisputed that there are no special circumstances that make an award of fees unjust, and, as such, Petitioner satisfies this requirement.

The prerequisites to an EAJA award have been met and are not disputed here.[2]

### B. Respondent was Not Substantially Justified in Her Practices

Petitioner concedes that the Commissioner advanced a reasonable litigation position at the appeal stage, but argues that the underlying action—i.e., the ALJ's denial of benefits—was unreasonable. Although the ALJ was not required to consider the "medical opinion" factors, she was required to at least note that Dr. Barry's report contained more evidence than solely the WAIS-IV test summary, which the ALJ had concluded supported her disability assessment (ECF No. 21 at 6, citing *M.H. v. Kijakazi*, No. 1:21-CV-01797-CNS, 2023 WL 2401063, at *5 (D. Colo. Mar. 8, 2023)). In other words, even if she ultimately concluded that Dr. Barry's remaining opinions were unpersuasive or inconsistent with the remaining evidence in the report, the ALJ erred in

---

[1] The fourth sentence of 42 U.S.C. § 405(g) authorizes a court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[2] To be eligible for fees under the EAJA, a plaintiff must apply within thirty days of final judgment in the action, and the plaintiff's net worth must be less than two million dollars at the time the civil action was filed. § 2412(d)(1)(B), (d)(2)(B)(i). The application for fees and expenses must also show that the party is a prevailing party and is eligible to recover an award, as well as the amount sought, including an itemized statement from any attorney or expert witness representing on behalf of the party stating the actual time expended and the rate at which fees and expenses were computed. *Id.*

"failing to consider or at least note [their] existence" (ECF No. 21 at 6). Respondent, however, argues that the Court's remand, which concerned the adequacy of the ALJ's consideration of Dr. Barry's medical report, is at odds with the Court's earlier finding that there were no "medical opinions" in the report requiring a persuasiveness evaluation (ECF No. 25 at 4; ECF No. 21 at 5-6). Additionally, Respondent argues that any inadequacy in the ALJ's articulation of her consideration of the report was ultimately harmless because further discussion of the evidence would not impact the RFC or, by extension, the outcome of the disability decision (ECF No. 25 at 7–9). Ultimately, the Court agrees with Petitioner.

As discussed above, a prevailing party is entitled to fees only if the Commissioner was not "substantially justified" in its actions—a matter on which the government bears the burden of proof. § 2412(D)(1)(A); *Hadden*, 851 F.2d at 1267. A position is substantially justified if it has a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565.

Moreover, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." § 2412(D)(1)(B). However, when the underlying agency action and the subsequent government position in an appeal differ, the standard changes. *Hackett*, 475 F.3d at 1173. In these situations, EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Here, Respondent makes four arguments in support of its contention that the ALJ was substantially justified in denying R.B.'s disability benefits. The Court is persuaded by none of them. First, Respondent argues that, since the Court concluded that Dr. Barry's report did not

4

constitute a "medical opinion" and instead constituted "other medical evidence" under 20 C.F.R. 404.1513(a)(3), the ALJ was not required to articulate the persuasiveness of the report (ECF No. 25 at 3; ECF No. 21 at 5–6). Although Respondent recognizes that the Court's remand concerned the adequacy of the ALJ's articulation as to her consideration of Dr. Barry's report, they argue that this is "at odds" with the Court's prior finding that there were no medical opinions in the report (ECF No. 25 at 4). Thus, Respondent argues that, in its prior ruling, the Court itself concluded that the ALJ was not required to address whether the report was "persuasive or consistent with other medical evidence or medical opinions in the record" (ECF No. 21 at 6). Respondent fails to note, however, that the Court nevertheless concluded that the ALJ was required to at least consider that Dr. Barry's report contained evidence beyond its WAIS-IV test summary, which the ALJ concluded supported her disability assessment. In other words, even though Dr. Barry's report constituted "other medical evidence," the ALJ nonetheless erred in failing to consider or at the very least *note* the existence of Dr. Barry's remaining opinions (ECF No. 21 at 6).

Second, Respondent argues that, even if the ALJ did not adequately articulate her consideration of the report, this does not necessarily mean that her disability decision was not substantially justified. Respondent relies on *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 727 (6th Cir. 2014), in which a district court denied the plaintiff's motion for EAJA fees after holding that the ALJ erroneously denied her benefits. On appeal, the Sixth Circuit held that the Commissioner's position was substantially justified despite the reversal because the denial was predicated on procedural rather than substantive grounds. *See id.* at 727 ("An ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification."). However, in the present case, the ALJ's error did not rest on the adequacy of her findings. Rather, the Court held that the ALJ erred in failing to *consider* or even

5

*note* the existence of Dr. Barry's remaining opinions (ECF No. 21 at 6). As such, this error is more substantive than procedural, rendering *DeLong* inapposite.

Third, Respondent argues that the ALJ's discussion of the evidence was specific enough for the Court to discern her reasoning. They claim that the ALJ determined Petitioner's RFC through a careful consideration of over 600 pages of medical and non-medical evidence and through a two-page, single-spaced summary of Petitioner's medical history (ECF No. 25 at 5–6) (citing Administrative Record ("A.R.") 15, 17-19, 260–887). Respondent also argues that the Court itself acknowledged the ALJ's two references to Dr. Barry's report in her RFC discussion (ECF No. 21 at 6) (citing A.R. 18–19). Thus, Respondent alleges that the ALJ likely was not only aware of, but also sufficiently considered, Dr. Barry's report in determining Petitioner's RFC. Respondent relies on *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992), in which the Seventh Circuit concluded that the ALJ's failure to articulate the persuasiveness of the medical opinions "in no way necessitates a finding the Secretary's position was not substantially justified." The Court is not persuaded. As previously stated, this Court had rejected Petitioner's first argument that the ALJ erred by not articulating how persuasive she found Dr. Barry's medical opinions. Rather, the Court remanded for more substantive reasons—that is, the ALJ failed to discuss all but one page of Dr. Barry's report (ECF No. 21 at 6).

Respondent also cites *D.C. v. Kijakazi*, No. 21-cv-00380-NYW, 2023 WL 3321380 at *6 (D. Colo., May 9, 2023) for the proposition that the fact that "the ALJ considered at least one (but not all) statements in that record does not suggest his conclusion lacked substantial justification, particularly in light of the remainder of the ALJ's analysis of Plaintiff's medical records." (citing *DeLong*, 748 F.3d 723, 727). True enough, as Respondent observes, the ALJ need not reference every piece of evidence so long as she considers it (ECF No. 25 6–7). *See Clifton v. Chater*, 79

6

F.3d 1007, 1009–10 (10th Cir. 1996); *see also Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010); *M.H. v. Kijakazi*, No. 1:21-cv-01797-CNS, 2023 WL 2401063, at *5 (D. Colo. Mar. 8, 2023). However, this Court found that the ALJ *wholly failed to consider*—not just note or discuss—the existence of Dr. Barry's remaining opinions. Moreover, Respondent's situation is distinguishable from that in *D.C.,* as the remainder of the ALJ's analysis of Petitioner's medical record was also insufficient (ECF No. 21 at 6). In other words, even after looking at the ALJ's entire analysis of the record, the Court in this case still found that the ALJ had not adequately discussed her findings (*id.*).

Fourth and finally, Respondent argues that, even if discussed further, Dr. Barry's medical report did not support any additional RFC limitations other than those assessed by the ALJ, rendering any error harmless (ECF No. 17 at 15–19). Respondent cites *Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 622 (10th Cir. 2020), in which the Tenth Circuit held that, if the ALJ erred, her decision would nonetheless be substantially justified if the error was ultimately harmless. Here, Respondent contends that because Dr. Barry's report did not support any additional RFC limitations, the ALJ would have arrived at the same conclusion regardless of whether she had adequately considered it. Not so. Indeed, Dr. Barry's report contained more than the RFC limitations; it included findings of significant distress and "retreats into a world of fantasy" (A.R. 763–764). As Petitioner points out, these impairments "are all limitations in cognitive employment" (ECF No. 27 at 3). Since a reasonable factfinder could have found Petitioner to be disabled using Dr. Barry's other findings, the ALJ's error was not harmless. *See Fischer-Ross v. Barnhart*, 431 F.3d, 733–34 (10th Cir. 2005) ("The error is not harmless where a reasonable factfinder, following the correct analysis, could have found a claimant to be disabled.").

As previously stated, even if the government advanced a reasonable litigation position, its actions are not substantially justified when the underlying agency action was unreasonable. A position is justified only when it has a reasonable basis in both law and fact, and, as such, Respondent was not substantially justified. Thus, EAJA fees should be awarded.

### C. EAJA Attorney Fee Award

As a final matter, Petitioner was required to expend hours both in successful pursuit of this appeal and in the fee application.

The party seeking the award of attorney fees has the burden of persuading the Court that the amount is reasonable. *Id*. Furthermore, "the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Id*; *see also Scherffius v. Astrue*, 296 F. App'x 616, 619 (10th Cir. 2008).

In the present case, Petitioner requests an EAJA award totaling $6,928.86,[3] which Petitioner asserts is calculated based on the $125.00 hourly rate authorized by the EAJA enhanced by the cost of living reflected by the Bureau of Labor Statistics' Consumer Price Index (ECF No. 24 at 4, 6). Petitioner claims 27.45 hours of work, which includes two hours spent drafting the instant motion (ECF No. 24 at 6).

The Court finds the amount requested to be reasonable. It should be noted that Respondent does not challenge the amount of time expended nor the hourly rate expended by Petitioner (ECF No. 24 at 5–6; *see* ECF No. 25).

---

[3] This amount includes one hour of attorney time in drafting the Reply to Respondent's Response to the instant motion (*see* ECF No. 24 at 7).

## IV. CONCLUSION

Consistent with the above analysis, the Court GRANTS Petitioner's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act. Petitioner is hereby awarded $6,928.86 in attorneys' fees under the EAJA.

Dated this 26th day of October of 2023.

BY THE COURT

_____
Charlotte N. Sweeney
United States District Judge